OLIVIER A. TAILLIEU (SBN 206546)
 *o@taillieulaw.com*
RAFFI V. ZEROUNIAN (SBN 236388)
 *rz@taillieulaw.com*
THE TAILLIEU LAW FIRM LLP
450 N. Roxbury Drive, Suite 700
Beverly Hills, CA 90210
Telephone: (310) 651-2440
Facsimile: (310) 651-2439

Attorneys for Plaintiff
The Regents of the University of California

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE CORPORATE EXECUTIVE BOARD COMPANY, a Delaware corporation, and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT; FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION; STATE UNFAIR COMPETITION; COMMON LAW PASSING OFF AND UNFAIR COMPETITION; AND CANCELLATION OF TRADEMARK REGISTRATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff The Regents of the University of California ("UC Regents" or "Plaintiff"), for its complaint against defendant The Corporate Executive Board Company and Does 1-10 (collectively "Defendant"), alleges as follows:

### NATURE OF THE ACTION

1.      Despite its knowledge of Plaintiff's well-known CEB trademark established through six decades of continued use in the legal field, Defendant recently rebranded and appropriated Plaintiff's CEB mark for its own competing legal offerings.  Defendant's offerings now include, for example, "CEB Legal," "CEB Legal Leadership Council," and "CEB Legal Leadership Academy" – all of which, by Defendant's own admissions, cater to "General Counsel and their teams" and other legal professionals.  This action, therefore, arises from Defendant's willful infringement of Plaintiff's trademark rights by using names that are identical or virtually

1  identical to Plaintiff's well-known CEB trademark for overlapping goods and services. Under

2  these circumstances, not only is consumer confusion inevitable, but many instances of actual

3  consumer confusion already have been reported, thereby mandating the relief requested in this

4  action. This complaint asserts causes of action under the federal Lanham Act, 15 U.S.C. §§

5  1114(1), 1125(a) and 1064, as well as Cal. Bus. & Prof. Code §§ 17200 *et seq*. and the common

6  law of the State of California.

**JURISDICTION AND VENUE**

8  2.    This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§

9  1331 and 1338 because this action arises, in part, under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

10  The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C.

11  §§ 1338(b) and 1367.

12  3.    Plaintiff is informed and believes, and on that basis alleges, that this Court has

13  personal jurisdiction over Defendant because The Corporate Executive Board Company conducts

14  business in this District, resides in this District, advertises its products and/or services in this

15  District, and/or the effects of those acts have been felt in this District. Plaintiff is informed and

16  believes, and on that basis alleges, that, among other things, Defendant has: (i) solicited and

17  consummated business with consumers located in this District; (ii) accepted and processed

18  payments from consumers located in this District; (iii) advertised services in and throughout this

19  District; and (iv) maintained an office in this District. Plaintiff is informed and believes, and on

20  that basis alleges, that Defendant has systematic and continuous contacts with this District.

21  4.    Plaintiff is informed and believes, and on that basis alleges, that venue is proper

22  under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this

23  action occurred in this District and because Defendant resides in and/or may be found in this

24  District.

**INTRADISTRICT ASSIGNMENT**

26  5.    This intellectual property action shall be assigned on a district-wide basis pursuant

27  to Civil L.R. 3-2(c). Plaintiff is headquartered in the Oakland Division of the U.S. District Court

28

COMPLAINT

1  for the Northern District of California, and the actions that gave rise to this complaint occurred in
2  the Oakland Division

3                                    **THE PARTIES**

4        6.      Plaintiff UC Regents is the governing body of the University of California.  Among
5  UC Regents' programs is the Continuing Education of the Bar, which is sponsored by the State
6  Bar of California.  Since at least 1953, Plaintiff has used the CEB trademark to promote its
7  continuing legal education programs, legal practice publications, and related products and
8  services.

9        7.      Plaintiff is informed and believes, and on that basis alleges, that The Corporate
10  Executive Board Company is a corporation incorporated in Delaware, with its principal place of
11  business at 1919 North Lynn Street, Arlington, Virginia 22209.  Defendant is a publicly-traded
12  company that provides, among other things, advisory services to businesses, including the
13  provision of educational services (such as seminars) relating to legal matters.

14        8.      Plaintiff is presently ignorant of the true names and capacities of defendants sued
15  herein as Does 1-10 and, therefore, sues these defendants by such fictitious names.  Plaintiff will
16  amend its complaint to allege these defendants' true names and capacities when ascertained.

17        9.      At all times herein mentioned, each defendant was the agent, employee, partner,
18  joint venturer, aider and abettor, alter ego, and co-conspirator of, or with, each of the remaining
19  defendants, and in doing the things hereinafter alleged, was acting within the course and scope of
20  such agency, employment, partnership, joint venture, and conspiracy, and each defendant directed,
21  ratified and approved the acts of the remaining defendants.

22                              **FACTUAL ALLEGATIONS**

23                              **CEB and Plaintiff's CEB Mark**

24        10.     The Continuing Education of the Bar was founded in 1947 with the mandate to
25  cultivate the professional development of California lawyers.  The mission of the Continuing
26  Education of the Bar is to serve the legal profession with authoritative, innovative, and high-
27  quality products and services.  Plaintiff operates a website located at www.CEB.com and provides

28

                                         3

a wide variety of continuing legal education, legal practice publications, and related products and
services – all of which are branded under the CEB trademark.

11.     Plaintiff's programs and publications offered in connection with the CEB mark are
well-known, especially among legal practitioners and those seeking information about California
law, practice, and legal compliance.  Plaintiff sponsors several award programs recognizing
excellence in the legal community, such as the Annual CEB Legal Research & Writing Award at
University of California law schools and the Spirit of CEB Award, which honors the many
attorneys who volunteer to speak and write for CEB's educational programs and publications.

12.     Plaintiff has used the CEB mark in connection with legal publications, books,
guides, education, seminars, and legal education courses for over 60 years, with great success.
Plaintiff has expended significant effort and substantial amounts developing and protecting the
CEB trademark.  Each year, Plaintiff sells substantial numbers of publications, books, and guides
under the CEB mark throughout the United States.  Further, Plaintiff offers online and live
seminars pertaining to legal issues in connection with the CEB mark.  Plaintiff's legal
publications, seminars, and educational materials are available for purchase online as well as
through various retailers.  Each year, Plaintiff sends out thousands of marketing pieces –including
brochures, catalogs, and emails – that prominently display Plaintiff's CEB mark.

13.     The CEB mark is the subject of the following incontestable federal trademark
registrations with the United States Patent & Trademark Office ("USPTO"):  U.S. Registration
No. 965,141 and U.S. Registration No. 2,075,302.  Plaintiff filed its application for U.S.
Registration No. 965,141 for the CEB trademark registration on March 23, 1972, based on use in
commerce since at least as early as 1953.  This registration covers, among other things, books and
publications (excluding those related to the Bible, worship, and religion), audio visual teaching
aids, and educational services in the nature of the preparation and presentation of seminars for
continuing legal education for lawyers.  True and correct copies of Plaintiff's federal trademark
registrations on the principal register are attached hereto as Exhibit A.  In addition, Plaintiff has
established common law trademark rights in the CEB mark for all of the goods and services

1   identified herein. All of Plaintiff's trademark rights in marks that consist of or incorporate the
2   term CEB are referred to herein as the "CEB Mark."

3       14.    The CEB Mark is inherently distinctive and has acquired substantial consumer and
4   industry recognition, directly attributable to the efforts and success of Plaintiff. Plaintiff's CEB
5   Mark is extensively used throughout the United States, and the consumers that use Plaintiff's CEB
6   products and services are located throughout the United States and internationally. Further,
7   Plaintiff devotes significant effort to promoting its goods and services bearing the CEB Mark, as
8   well as protecting its value. Plaintiff is the exclusive owner of the CEB Mark through continuous
9   and substantially exclusive use of the trademark in commerce in the United States for over half a
10  century, and through the registrations enumerated herein.

11      15.    As a result of Plaintiff's long, continuous, exclusive, widespread and extensive use
12  of the CEB Mark, the trademark is widely identified in the minds of relevant consumers as
13  identifying and distinguishing Plaintiff's services and products and denoting their high quality.
14  By virtue of Plaintiff's marketing efforts and expenditures, and as a result of the excellence of its
15  products and services, Plaintiff's CEB Mark has achieved a valuable reputation and a high degree
16  of goodwill. Accordingly, consumers have come to identify the CEB Mark with Plaintiff only.

17      16.    Plaintiff uses the www.CEB.com domain name to make it easy for consumers to
18  locate Plaintiff's products and services offered in connection with the CEB Mark online, and to
19  identify that the website is owned by Plaintiff. Plaintiff's www.CEB.com website prominently
20  features the CEB Mark.

21      17.    The above trademark registrations provide constructive notice of the registrant's
22  claim of exclusive ownership of its trademark. They also constitute *prima facie* evidence of the
23  validity of Plaintiff's CEB Mark, the registrations thereof, and Plaintiff's exclusive right to use
24  and license the CEB Mark in commerce in connection with the goods and services specified in
25  these registrations, as provided by Sections 7 and 22 of the Lanham Act, 15 U.S.C. §§ 1057 and
26  1072.

27  ///
28  ///

1

**Defendant's Infringing CEB Marks**

2     18.     Plaintiff is informed, and on that basis alleges, that Defendant is engaged in
3  virtually identical and closely related lines of business to that of Plaintiff. Specifically, Defendant
4  uses the trademark CEB and several CEB-formative trademarks in connection with the following
5  items in the legal field: printed matter, such as instructional and teaching material and books and
6  periodical publications; arranging and conducting legal educational and training conferences and
7  seminars; and educational services for legal departments and corporate executives in the fields of
8  legal compliance, ethics, risk management, and best practices, among others. In fact, Defendant is
9  listed on the State Bar of California's website as an approved provider of Minimum Continuing
10 Legal Education courses and credit. All of Defendant's CEB and CEB-formative trademarks
11 described herein are referred to collectively as the "Infringing CEB Mark(s)."

12    19.     Defendant's Infringing CEB Marks are identical or virtually identical in
13 appearance, sound and commercial impression to Plaintiff's CEB Mark, and Defendant uses the
14 Infringing CEB Marks on services and products that are the same as or closely related to the goods
15 and services with which Plaintiff has used the CEB Mark for many decades. Defendant also uses
16 other CEB-formative marks, the primary and dominant portion of which is CEB. Defendant's
17 addition of a tagline or descriptive wording to Plaintiff's CEB Mark does little to mitigate
18 consumer confusion.

19

**Defendant's Bad Faith Adoption of the Infringing CEB Marks**

20    20.     Plaintiff is informed and believes, and on that basis alleges, that Defendant, despite
21 having actual and constructive notice of Plaintiff and its CEB Mark, adopted, commenced, and
22 then expanded its use of the Infringing CEB Marks in blatant disregard of Plaintiff's trademark
23 rights.

24    21.     Despite Plaintiff's prior rights in the CEB Mark and ownership and use of the
25 www.CEB.com domain name, on January 29, 2007, Defendant filed a trademark application for
26 CEB.COM (U.S. Ser. No. 77093505), which it later abandoned. Moreover, Defendant approached
27 Plaintiff in June 2012 about acquiring Plaintiff's www.CEB.com domain name, but Plaintiff
28 refused to part with this Internet address, which is identical to Plaintiff's CEB Mark.

6

1      22.    Despite knowledge of Plaintiff's pre-existing intellectual property rights, in a press
2  release dated September 5, 2012, Defendant proclaimed its intention to adopt Plaintiff's CEB
3  Mark as its own while expanding its offerings: "The Corporate Executive Board Company
4  (NYSE: CEB), the leading member-based advisory company, announced today it has begun
5  operating globally as 'CEB.' The company also unveiled an updated brand identity to better
6  represent its expanded capabilities and address evolving member needs."

7      23.    Defendant recently filed several trademark applications on the USPTO's principal
8  register, including but not limited to: (1) CEB (U.S. Reg. No. 4,095,644); (2) CEB SHL TALENT
9  MEASUREMENT (U.S. Ser. No. 86/024,558); (3) CEB IT ROADMAP BUILDER (U.S. Ser. No.
10  85932614); (4) CEB WHAT THE BEST COMPANIES DO (U.S. Ser. No. 85/747,179); and (5)
11  CEB CHALLENGER OPPORTUNITY MANAGER (U.S. Ser. No. 85/922,535). The USPTO
12  issued office actions refusing registration of a number of these trademark applications in light of
13  Plaintiff's prior rights in the CEB Mark. Plaintiff is informed and believes, and on that basis
14  alleges, that Defendant filed trademark applications for CEB-formative marks, rather than CEB on
15  a standalone basis, in an attempt to avoid refusals to register because of Plaintiff's CEB Mark.

16      24.    Plaintiff is informed and believes, and on that basis alleges, that Defendant often
17  uses the CEB trademark on a standalone basis. In addition, Defendant recently launched its "CEB
18  Legal" offerings, which admittedly target "General Counsel and their teams." The "CEB Legal"
19  offerings provided by Defendant include "CEB Legal Leadership Council," "CEB Legal
20  Leadership Academy," and "CEB Legal Views." Moreover, Defendant offers "CEB Compliance
21  and Ethics" products and services that concern legal compliance issues and are expressly targeted
22  to "legal and compliance executives." Further, Defendant uses the Infringing CEB Marks in
23  connection with blogs and other online content relating to the field of legal publications and
24  education. Plaintiff is informed and believes, and on that basis alleges, that Defendant causes the
25  circulation of emails and uses marketing materials featuring the Infringing CEB Marks that target
26  CEB's consumers. These emails and marketing materials, examples of which are set forth below,
27  prominently display the CEB Mark:

28



**Many Instances of Actual Confusion Have Already Been Reported**

25.     As is natural when separate entities use the identical trademark for overlapping and closely related services, several instances of actual consumer confusion have already been reported.  To list just a few examples, Plaintiff has received multiple misdirected checks for over $40,000 intended for Defendant.  Further, Plaintiff has been made aware of actual confusion in social media, and has also received misdirected communications from Defendant's vendors.

**Further Allegations**

26.     Out of an entire universe of different marks, Defendant chose the Infringing CEB Marks, which are very likely to be confused – and have, in fact, been confused – by consumers

1  with Plaintiff's CEB Mark.  The result is that consumers have been mistaken, and likely will
2  continue to mistakenly believe, that Defendant's goods and services are sponsored, authorized, or
3  produced by Plaintiff, or are under license from Plaintiff, or vice versa, or that Defendant is
4  somehow associated with Plaintiff.

5       27.    Defendant's conduct is continuing and, particularly based on its behavior in the
6  recent past, is likely to continue, constituting an ongoing threat to Plaintiff and the public.  Unless
7  Defendant is enjoined from continuing to use confusingly similar variations of the CEB Mark to
8  promote goods and services that are related to Plaintiff's goods and services, the CEB Mark will
9  continue to be infringed, thereby destroying the value of the CEB Mark that Plaintiff has spent
10 many decades developing and significant efforts in promoting.  This has caused, and will continue
11 to result in, irreparable injury to Plaintiff, diminution of the goodwill in Plaintiff's CEB Mark,
12 consumer confusion, and harm to the public.

13      28.    It would be difficult to ascertain the amount of compensation that could afford
14 Plaintiff adequate relief for Defendant's acts, present and threatened, and Plaintiff's remedy at law
15 is not adequate in and of itself to compensate for this harm and damage.

16      29.    Plaintiff is informed and believes, and on that basis alleges, that Defendant has
17 been using its economic power to saturate the market with advertisements for overlapping and
18 highly related services under the confusingly similar Infringing CEB Marks, including
19 advertisements on National Public Radio in this judicial district.

20      30.    Despite Plaintiff's attempts to resolve this dispute amicably, Defendant has
21 persisted in using the Infringing CEB Marks, leaving Plaintiff no choice but to file this complaint.

22              **FIRST CAUSE OF ACTION**

23                **Trademark Infringement**

24                 **(15 U.S.C. § 1114)**

25      31.    Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1
26 through 30.

27      32.    Consumers have come to exclusively identify the well-known and distinctive CEB
28 Mark with Plaintiff as the single source of legal publications, education, seminars, and continuing

education and related legal products and services bearing such trademark.  The CEB Mark has acquired secondary meaning in the marketplace.

33.    Defendant's use of the Infringing CEB Marks has caused, and is likely to continue to cause, consumer confusion.  The parties' trademarks are identical or very similar, and their goods and services are overlapping and highly related.

34.    Plaintiff has not consented to Defendant's use of the Infringing CEB Marks.

35.    Defendant had actual and/or constructive knowledge of Plaintiff's trademark rights prior to using, or continuing to use, the Infringing CEB Marks.

36.    Defendant's unauthorized use of the Infringing CEB Marks in connection with the offering or promotion of its goods and services without Plaintiff's consent falsely indicates to consumers that the parties' products and services are in some manner connected with, sponsored by, affiliated with, or related to each other.

37.    Defendant's use of the Infringing CEB Marks constitutes trademark infringement in violation of 15 U.S.C. § 1114.

38.    As a result of Defendant's trademark infringement, Plaintiff has suffered damages in an amount to be determined at trial.

39.    Defendant's actions as described above are deliberate, willful, fraudulent and without any extenuating circumstances, and constitute a knowing violation of Plaintiff's rights.  Plaintiff is entitled to recover its actual damages, and attorneys' fees and costs incurred in this action, as this is an "exceptional" case pursuant to 15 U.S.C. § 1117(a).

40.    As a result of Defendant's trademark infringement, Plaintiff has also suffered irreparable injury to its business, reputation, and goodwill.  Plaintiff will continue to suffer irreparable injury unless Defendant's misconduct is enjoined by the Court.

**SECOND CAUSE OF ACTION**

**False Designation and Description and Unfair Competition under Federal Law**

**(15 U.S.C. § 1125)**

41.    Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 40.

COMPLAINT

42. Consumers have come to exclusively identify the well-known and distinctive CEB Mark with Plaintiff as the single source of legal publications, education, seminars, and continuing education and related legal products and services bearing such trademark. The CEB Mark has acquired secondary meaning in the marketplace.

43. Defendant's interstate use of the designation CEB and close variants in its advertising materials and elsewhere, including but not limited to the Infringing CEB Marks, is a false designation of origin, false description, or a false representation, that wrongfully and falsely designates Defendant's products and services as originating from, or being connected with, Plaintiff. Defendant's use is likely to deceive consumers into believing that Defendant's goods and/or services are those of, or associated with, Plaintiff, and as a consequence, Defendant's use of the Infringing CEB Marks is likely to divert, and has diverted, consumers away from Plaintiff's goods and services.

44. Defendant's actions as described above and its use of the Infringing CEB Marks to promote its goods and services to the same audience as that of Plaintiff's goods and services constitutes a false designation of origin and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

45. Defendant's adoption and use of a mark so similar to that of Plaintiff's CEB Mark for overlapping goods and services has caused, and will continue to cause, irreparable injury to the value of Plaintiff's business, and the goodwill in and reputation of CEB.

46. As a result of this false designation of origin, Plaintiff has suffered damages in an amount to be determined at trial.

47. Defendant's actions as described above are deliberate, willful, fraudulent and without any extenuating circumstances, and constitute a knowing violation of Plaintiff's rights. Plaintiff is entitled to recover its actual damages, and attorneys' fees and costs incurred in this action, as this is an "exceptional" case pursuant to 15 U.S.C. § 1117(a).

48. As a result of this false designation of origin, Plaintiff has also suffered irreparable injury to its business, reputation, and goodwill. Plaintiff will continue to suffer irreparable injury unless Defendant's misconduct is enjoined by the Court.

1   **THIRD CAUSE OF ACTION**

2   **Unfair Competition**

3   **(Cal. Bus. & Prof. Code § 17200)**

4       49.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1

5   through 48.

6       50.     Defendant's conduct – specifically, its intentional use of confusingly similar

7   variations of the CEB Mark in a manner that is likely to cause consumer confusion – constitutes

8   unfair competition under California Business and Professions Code § 17200.

9       51.     Defendant's actions are unlawful, unfair and/or fraudulent.

10      52.     As a result of this unfair competition, Plaintiff has suffered irreparable injury to its

11  business, reputation, and goodwill.  Plaintiff will continue to suffer irreparable injury unless

12  Defendant's misconduct is enjoined by the Court.

13  **FOURTH CAUSE OF ACTION**

14  **Common Law Passing Off and Unfair Competition**

15      53.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1

16  through 52.

17      54.     Defendant's unauthorized use of the Infringing CEB Marks constitutes passing off

18  and unfair competition of the CEB Mark in violation of the common law of California.

19      55.     Defendant's wrongful acts have caused and will continue to cause irreparable harm

20  to Plaintiff's business, reputation, and goodwill.  Plaintiff has no adequate remedy at law.

21      56.     Plaintiff is entitled to a judgment enjoining and restraining Defendant from

22  engaging in further acts of infringement and unfair competition.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT

**FIFTH CAUSE OF ACTION**

**Cancellation of Trademark Registration**

**(15 U.S.C. § 1064)**

57.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 56.

58.     Plaintiff's use of the CEB Mark in connection with legal publications and seminars long precedes any use by Defendant of the Infringing CEB Marks in connection with the same or similar products and services.

59.     Defendant's registration(s) for CEB and CEB-formative marks, including the Infringing CEB Marks, in connection with consultation and seminars relating to legal compliance and related products and services are likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between Plaintiff and Defendant as to the origin, sponsorship, or approval of Defendant's services and products by Plaintiff or, conversely, Plaintiff's products or services with Defendant.

60.     Plaintiff is and will continue to be damaged by Defendant's registration of CEB and CEB-formative marks in connection with consultation and seminars relating to legal compliance and related products and services.

61.     Pursuant to 15 U.S.C. §§ 1064 and 1119, the Court should direct the USPTO to cancel the registration owned by The Corporate Executive Board Company for the Infringing CEB Marks.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff UC Regents prays for relief as follows:

1.     A judgment enjoining Defendant, and all of its officers, directors, employees, agents, and representatives, from:  (1) using the trademark CEB, or any trademark that wholly incorporates or is confusingly similar to the CEB Mark, including but not limited to the Infringing CEB Marks; and (2) doing any act or thing likely to confuse or to deceive consumers into believing that there is some connection between Defendant and Plaintiff;

13

2.      A judgment ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and implemented adequate and effective means to discontinue using the Infringing CEB Marks and variations thereof, or bearing any false or misleading advertisements or claims;

3.      A judgment ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendant's possession bearing the Infringing CEB Marks and variations thereof or bearing any false or misleading advertisements or claims;

4.      A judgment that Defendant account for and disgorge to Plaintiff all of the profits realized by Defendant and others acting in concert or participating with Defendant, resulting from Defendant's acts of trademark infringement and false designation of origin relating to Defendant's use of confusingly similar variations of the mark CEB or any CEB-formative trademarks, including but not limited to the Infringing CEB Marks;

5.      A judgment ordering Defendant to take all steps necessary to cancel any trademark application or registration it may have in the USPTO, and an order compelling the Commissioner of Trademarks of the United States to deny registration of any federal trademark registrations for the Infringing CEB Marks, including but not limited to U.S. Reg. No. 4,095,644, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119.

6.      A judgment awarding compensatory damages, plus interest, in an amount to be determined;

7.      A judgment that Plaintiff be awarded three times Defendant's profits from its use of the Infringing CEB Marks, or three times Plaintiff's damages, whichever is greater, together with its reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a) and (b);

8.      A judgment that Plaintiff recover its attorneys' fees and the costs of this action plus interest; and

///

1        9.    A judgment that Plaintiff be granted such other and further relief as the Court

2    deems just and proper.

3    Dated: February 27, 2014            Respectfully submitted:

4                              **THE TAILLIEU LAW FIRM LLP**

5                              OLIVIER A. TAILLIEU
                          RAFFI V. ZEROUNIAN

6

7                By:

8                              Attorneys for Plaintiff

9                              The Regents of the University of California

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

1

**DEMAND FOR JURY TRIAL**

2        Plaintiff The Regents of the University of California hereby demands trial by jury of all

3    issues so triable.

4    Dated: February 27, 2014                    Respectfully submitted:

5                                                **THE TAILLIEU LAW FIRM LLP**
                                                 OLIVIER A. TAILLIEU
6                                                RAFFI V. ZEROUNIAN

7

8                                     By:
9                                                Attorneys for Plaintiff
                                                 The Regents of the University of California
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

# EXHIBIT A

# United States Patent Office

**965,141**
**Registered July 31, 1973**

## PRINCIPAL REGISTER
### Trademark
### Service Mark

Ser. No. 419,186, filed Mar. 23, 1972

## CEB

The Regents of The University of California (California corporation)
2150 Shattuck Ave.
Berkeley, Calif. 94704

For: NONMUSICAL RECORDINGS—NAMELY, PRERECORDED MAGNETIC TAPES—in CLASS 36 (INT. CL. 9).

First use as early as Sept. 30, 1967; in commerce as as early as Oct. 30, 1967.

For: BOOKS AND PUBLICATIONS ISSUED FROM TIME TO TIME AND AUDIO VISUAL TEACHING AIDS—NAMELY, SOUND FILMSTRIPS—in CLASS 38 (INT. CL. 16).

First use as early as Oct. 16, 1953; in commerce as early as Nov. 30, 1953.

For: EDUCATIONAL SERVICES—N A M E L Y, PREPARATION AND PRESENTATION OF SEMINARS FOR THE CONTINUING LEGAL EDUCATION OF LAWYERS—in CLASS 107 (INT. CL. 41).

First use as early as Oct. 30, 1953; in commerce as early as Nov. 30, 1953.

B. C. WASHINGTON, Examiner

Int. Cls.: 9, 16 and 41

Prior U.S. Cls.: 36, 38 and 107

United States Patent and Trademark Office

10 Year Renewal

Reg. No. 965,141
Registered July 31, 1973
Renewal Term Begins July 31, 1993

## TRADEMARK
## SERVICE MARK
## PRINCIPAL REGISTER

### CEB

REGENTS OF THE UNIVERSITY OF CALIFORNIA, THE (CALIFORNIA CORPORATION)
2150 SHATTUCK AVE.
BERKELEY, CA 94704

FOR: NONMUSICAL RECORDINGS—NAMELY, PRERECORDED MAGNETIC TAPES, IN CLASS 36 (INT. CL. 9).
FIRST USE 9-30-1967; IN COMMERCE 10-30-1967.

FOR: BOOKS AND PUBLICATIONS ISSUED FROM TIME TO TIME AND AUDIO VISUAL TEACHING AIDS—NAMELY, SOUND FILMSTRIPS, IN CLASS 38 (INT. CL. 16).
FIRST USE 10-16-1953; IN COMMERCE 11-30-1953.

FOR: EDUCATIONAL SERVICES—NAMELY, PREPARATION AND PRESENTATION OF SEMINARS FOR THE CONTINUING LEGAL EDUCATION OF LAWYERS, IN CLASS 107 (INT. CL. 41).
FIRST USE 10-30-1953; IN COMMERCE 11-30-1953.

SER. NO. 72-419,186, FILED 3-23-1972.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Oct. 12, 1993.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

## United States Patent and Trademark Office

Reg. No. 2,075,302

Registered July 1, 1997

### TRADEMARK
### PRINCIPAL REGISTER



REGENTS OF THE UNIVERSITY OF CALI-
FORNIA, THE (CALIFORNIA CORPORA-
TION)
300 LAKESIDE DRIVE, 22ND FLOOR
OAKLAND, CA 946123550

FOR: COMPUTER SOFTWARE, NAMELY
CD-ROM DISCS FEATURING LEGAL RE-
SEARCH MATERIAL, IN CLASS 9 (U.S. CLS. 21,
23, 26, 36 AND 38).

FIRST USE 11-7-1995; IN COMMERCE
11-7-1995.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "CD-ROM", APART FROM
THE MARK AS SHOWN.

SER. NO. 75-068,320, FILED 3-6-1996.

ALICE BENMAMAN, EXAMINING ATTORNEY